DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEFFREY ALLEN SIKICH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1704

[April 27, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Leonard Hanser, Judge; L.T. Case No. 502019CT010495ANB.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the trial court's order denying his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors. The defendant argues the trial court erred by imposing certain costs and fines at sentencing, as well as certain special probation conditions, and that a scrivener's error requires correction. We agree that the trial court erred in three respects, by: (1) assessing $100 for prosecution costs; (2) imposing a special probation condition which the trial court had not announced at sentencing; and (3) as the state concedes, indicating on the probation order that the defendant had pled guilty to Count I, when, in fact, a jury had found him guilty. We will address each in turn.

## 1. *Error in assessing $100 for prosecution costs*

Section 938.27(8), Florida Statutes (2021), states: "Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged .... The court may set a higher amount upon a showing of sufficient proof of higher costs

incurred." § 938.27(8), Fla. Stat. (2021). "The burden of demonstrating the amount of costs incurred is on the state attorney." § 938.27(4), Fla. Stat. (2021).

Here, the state neither requested the trial court to impose a $100 prosecution cost, nor presented any evidence to support this higher cost. Nor did the trial court announce this higher cost. Thus, we must reverse the imposition of the $100 prosecution cost, and remand for the trial court to reduce the prosecution cost to $50. *See Schrager v. State*, 330 So. 3d 1033, 1033 (Fla. 5th DCA 2021) ("Schrager correctly asserts that the trial court imposed $100 costs of prosecution in each case rather than the $50 statutory minimum costs of prosecution, even though the [s]tate did not request, and the [c]ourt did not announce, the greater amount. In its answer brief, the [s]tate agrees that upon remand, the trial court should impose $50 costs of prosecution in each case.").

## 2. *Error in imposing a special probation condition not announced at sentencing*

"Whether a probation condition is a general condition or a special condition is determined by reference to Florida Statutes ... and Florida Rule of Criminal Procedure 3.986(e), and *conditions which appear in neither a statute nor the rule are considered special and must be orally pronounced*." *Metellus v. State*, 310 So. 3d 90, 93 (Fla. 4th DCA 2021) (emphases added; brackets and citation omitted).

The defendant's probation condition (8) stated the defendant would "pay $50 per month toward the cost of ... supervision." Without any accompanying oral pronouncement, the trial court was authorized to impose only a $40 monthly supervision charge. *See* § 948.09(1)(b), Fla. Stat. (2021) ("Any person placed on misdemeanor probation by a county court must contribute not less than $40 per month, as decided by the sentencing court, to the court-approved public or private entity providing misdemeanor supervision."). We therefore must reverse the imposition of the $50 monthly supervision cost, and remand for the imposition of section 948.09(1)(b)'s $40 monthly supervision cost as a condition of the defendant's probation. *Paris v. State*, 47 Fla. L. Weekly D445, 2022 WL 472944, at *1 (Fla. 4th DCA Feb. 16, 2022); *Sandoval v. State*, 47 Fla. L. Weekly D441, 2022 WL 473010, at *1 (Fla. 4th DCA Feb. 16, 2022).

## 3. *Error in indicating the defendant had entered a guilty plea*

The defendant argues the trial court's probation order incorrectly states that he had pled guilty to Count I, when in fact, a jury had found him

guilty. The state properly concedes this scrivener's error. Accordingly, we remand for the trial court to correct the scrivener's error. *Sirota v. State*, 977 So. 2d 700, 701 (Fla. 4th DCA 2008).

### ***Conclusion***

Based on the foregoing, we reverse in part the trial court's denying the defendant's Florida Rule of Criminal Procedure 3.800(b)(2) motion as specified above, and remand for the corrections specified above. The defendant need not be present for these ministerial corrections. On all other arguments which the defendant has raised in this appeal, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded with instructions.*

CONNER, C.J., and KUNTZ, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**